BEFORE THE FIRST DIVISION, APRIL 12, 1940

**No. 43474.**—Protest 948463–G of H. Remis & Co. (New York).

BROWN, Judge: This suit against the United States for the recovery of a tax or duty claimed to have been improperly exacted arose at the port of New York. The collector of customs at that port imposed a tax at the rate of 3 cents per pound less 20 percent on the fat content of certain dry fleshings imported from

Cuba under the provision in section 701 of the Revenue Act of 1936 for articles ten per centum or more by weight of which consists of inedible animal fat or grease. Plaintiffs contend that that provision applied only to fat or grease which had a separate existence as such and not to articles which contained fat or grease as a natural component.

On the trial of the issue plaintiffs established that the dry fleshings in issue contained 22.53 percent of fat or grease as a natural component which never had a separate existence as such. Thereafter plaintiffs introduced without objection on the part of the defendant as Illustrative Exhibit A a copy of a letter signed by the Acting Commissioner of Customs and addressed to the collector of customs at the port of New York under date of July 29, 1938, calling attention to the fact that the following exception had been inserted in the Revenue Act of 1938 with relation to the imposition of tax on articles such as those in issue:

* * * but there shall not be taxable under this subparagraph any article, merchandise, or combination * * * by reason of the presence therein of an oil, fat, or grease which is a natural component of such article, merchandise, or combination and has never had a separate existence as an oil, fat, or grease * * *.

and further referring to a report of the Committee on Ways and Means of the House of Representatives accompanying the Revenue Act of 1938 wherein it was stated that the language just quoted was intended as a clarifying amendment.

Counsel then stipulated that—

by reason of the letter from the Commissioner of Customs which is marked Plaintiff's Illustrative Exhibit A, the Customs officials at New York have been passing dry fleshings (glue stock) without the assessment of three cents a pound under the Revenue Act of 1936.

We are satisfied that the legislative intention was made manifest not to impose the tax provided for in section 701 of the Revenue Act of 1936 on articles containing inedible animal fat or grease as a natural component thereof, and which fat or grease never had a separate existence as such.

The protest claim is therefore sustained and judgment will issue accordingly.